Kilgore *v.* Kilgore *et al.*

No. 14,637.

## KILGORE *v.* KILGORE ET AL.

DECEDENTS' ESTATES.—*Law Favors Equal Distribution of Estate.*—*Per Stirpes or Per Capita.*—The law favors an equal distribution of an estate among the children of the deceased owner; and it favors a distribution between near and remote heirs *per stirpes* in preference to *per capita.*

WILL.—*Construction in Doubt.*—*Descent Given by Statute Preferred.*—If the intent of the testator is doubtful, and two constructions are applicable thereto, that construction will be adopted which casts the property where the law would cast it if no will had been ,executed.

SAME.—*Intent as to Particular Clause.*—*Entire Will Examined.*—In the construction of a clause of a will the court will look to the whole instrument, if, by so doing, any light will be thrown upon the particular clause in dispute or to be construed.

SAME.—*Construction.*—*Paramount Object.*—The paramount object in construing a will is to construe it so as to express the true intention and meaning of the testator.

SAME.—*Per Stirpes.*—*Per Capita.*—A will provided that after the death or marriage of the testator's wife, one-fourth part of his property should be "held" by his son, O., "during his natural life, and in case he should die leaving no child or children of his own, then said property to go to any surviving child or grandchildren, in equal parts."

*Held,* that such fourth part was vested in O. for and during his natural life; one-third of the remainder, real and personal, in K., the surviving son of the testator, O. dying childless; one-third in his two grandchildren, who were children of a deceased son of the testator, and the remaining third in another set of grandchildren, children of another deceased child of said testator; such grandchildren inheriting *per stirpes* and not *per capita.*

SAME.—*Property in Trust.*—*Remainder.*—A second clause provided that the testator's son, D., shall "have and hold" one-fourth of the testator's property "in trust (for his children now born, or which may hereafter be born), during his natural life," "with the right to use any income or rents of said property to aid in raising and educating said children," without bond, "but for any waste or abuse of trust [to] be removed, and another appointed by the court."

*Held,* that D. held and enjoyed this fourth part in trust for his children, born and to be born, for his natural life, subject to the trust and duty upon his part to appropriate so much of the rents, profits and income as was necessary for the purpose of raising and educating his children; that the remainder, in fee simple and absolutely, vested in D.'s children, then in being, subject to open and let in any other children born there-

after to him; and that D. was not required to give bond, but might be removed for waste or breach of trust.

From the Delaware Circuit Court.

*J. N. Temple,* for appellant.

*J. W. Ryan,* for appellees.

OLDS, C. J.—This is an action by the appellant against the appellees to construe items four and five of the will of David Kilgore, deceased. These items are as follows:

" *Fourth.* After the death or marriage of my said wife, as the case may be, all my real and personal property shall be disposed of as follows: One-fourth part to be held by my son Obed during his natural life, and in case he should die leaving no child, or children, of his own, then said property to go to my surviving child or grandchildren in equal parts, no adopted child shall take any part thereof.

" *Fifth.* My son David to have and to hold in trust (for his children now born, or which may hereafter be born), during his natural life, one full equal fourth part of said property, real and personal, with the right to use any income or rents of said property, to aid in raising and educating said children, and he shall not be required to give bond as such trustee, but for any waste or abuse of trust be removed and another appointed by the court."

Upon the trial of the cause below the court, by its finding, placed the following construction on said fourth and fifth items of said will:

" That the true meaning and construction of the fourth clause of the will of David Kilgore, deceased, set out in the complaint, is: That the portion of the estate of said David Kilgore, deceased, which is therein referred to, is vested in the defendant, Obed Kilgore, the son of said David Kilgore, for and during the term of his natural life, and no longer; that the remainder of said property, real and personal, is vested in the plaintiff, David Kilgore, the surviving son of said David Kilgore, deceased, and the defendants Charles

W. Kilgore and Mary G. Davis, grandchildren of the said David Kilgore, deceased, by his deceased son Alfred Kilgore, and Albert Kilgore, Clarence Kilgore, and Frank Kilgore, grandchildren of said David Kilgore, deceased, by his deceased son Tecumseh Kilgore, as tenants in common ; one-third being vested in the plaintiff David Kilgore, one-third in the defendants Charles W. Kilgore and Mary G. Davis, jointly ; and one-third in the defendants Albert Kilgore,. Clarence Kilgore and Frank Kilgore, jointly. Such remainder to said plaintiff and said defendants, subject, however, to be defeated in the event that at the death of said Obed Kilgore he shall leave surviving him a legitimate child, or children ; in which case such remainder in all said property shall vest, in fee simple and absolutely, in such child or children of said Obed Kilgore, to the exclusion of the plaintiff and the defendants above named, the children of Alfred Kilgore and Tecumseh Kilgore, deceased.

"*Second.* That the true intent and meaning of the fifth clause of said last will and testament of David Kilgore, deceased, is that the portion of the estate of said David Kilgore, therein referred to, shall be held and enjoyed by the plaintiff, David Kilgore, in trust for his children now born, or which may hereafter be born, for and during the term of his natural life, with the full right to him to use, enjoy and dispose of the rents, incomes, and profits thereof during his natural life ; subject, however, to the trust and duty upon his part to appropriate so much of such rents, profits, and incomes as may be necessary for the purpose of raising and educating his children, and that the remainder, in fee simple, of all said property, real and personal, is vested, in fee simple and absolutely, in the children of said David Kilgore now in being, the defendants Mary L. Connolly, Alfred Kilgore, Obed Kilgore, jr., and Byron Kilgore, subject to open up and let in any other children which shall be born to said David Kilgore; and that said plaintiff, David Kilgore, is not required by said clause of said will to give any bond to se-

cure the performance by him of the trust created by said clause, and is subject to removal by the court for waste or breach of trust."

It is contended by counsel for the appellant that the court erred in the construction of said clauses of the will in this, that the fee in the property devised by the fourth clause of the will vested in David Kilgore, the plaintiff (he being the only surviving child of said David Kilgore, deceased), subject to the life-estate of said Obed, subject to be divested upon Obed leaving surviving him a legitimate child or children, in which event such surviving child or children of Obed would take the fee. And that the fee in the property described in the fifth clause of the will vested in David Kilgore, the plaintiff, subject to being held in trust and applying a sufficient amount of the rents, profits and income of the same to raise and educate his children. It is further contended that if any of the grandchildren of the deceased take an interest in the fee by item four, the plaintiff's children, who are also grandchildren of deceased, take the same as the children of the two deceased sons.

The paramount object to be reached in the construction of a will by a court is to so construe it as to express the true intention and meaning of the testator. In many instances it is very difficult to accomplish this object to a degree approaching absolute certainty. Language is often used upon which there can very plausibly be placed different constructions, hence a court must adopt such construction as, under the rules of law governing the construction of wills, seems to it most reasonable.

It is a well established rule of law that in construing any portion or clause of a will the court will look to the whole instrument, if, by doing so, any light will be thrown upon the particular clause in dispute or to be construed, enabling the court to more clearly arrive at the true intention of the testator, and this often affords the most satisfactory evidence of the true intent of the testator.

By the second item of the will of David Kilgore, deceased, he gave to his widow all of his property, real and personal, during the time she remained his widow. The third item makes special provision for the widow of his son,. Tecumseh Kilgore, deceased.

By the first clause of item four he explicitly states his intention to dispose of all his estate, both real and personal, in the manner subsequently stated in the will.

By the sixth item he makes an absolute disposition of one-half of all his property, real and personal, to his grandchildren, the children of his deceased sons, Alfred and Tecumseh Kilgore.

By the seventh item he provides that if any of his children shall have made valuable improvements on any of his real estate, they shall be allowed full credit for such improvements.

By the eighth item he makes special bequests, and by the ninth item he provides that in case a fair distribution of his property can not be made otherwise, certain real estate be sold by his executors.

It appears from the record that the deceased had four sons, two of whom, Alfred and Tecumseh, had died previous to the time of the making of the will, each leaving children; that his sons David and Obed were living. David had children and Obed had no children.

By the first disposition of his property by the will one thing is clearly manifested, and that is that the testator's intention was to give to the children of Alfred and Tecumseh the equal one-half of his property, the children of each taking one-fourth. *Henry* v. *Thomas,* 118 Ind. 23. This being the intention and purpose of the testator, clearly expressed in the original division of the property, it must have some weight in construing a clause of the will making a further grant of the property bequeathed and devised to one son on failure of such son to leave children surviving at his death,

in case the language used in making such further disposition be ambiguous or uncertain.

The law favors a distribution of estates under the rule giving to the child or children of a deceased such share as his parent would have taken if living, and this is in harmony with the disposition of the property to the children of the two deceased sons by the will under consideration, and did the will give to Obed Kilgore the absolute title in fee to the property, his father and mother being dead, should he die intestate, leaving no widow, David Kilgore, the plaintiff, would inherit one-third and the children of Alfred one-third and the children of Tecumseh one-third.

That part of item four which provides that "in case he (Obed) should die leaving no child or children of his own, then said property to go to my surviving child or grandchildren in equal parts," is of uncertain meaning. It provides it shall go to his child or to his grandchildren in equal parts, but to whom, the child, or the grandchildren? and to whom do the words "equal parts" relate? We may reason over the language, but in doing so and looking to it alone, the intent of the testator becomes more clouded and indistinct, and we are compelled to look beyond to ascertain his intent. The law favors a distribution between near and remote heirs *per stirpes* in preference to *per capita.*

The construction placed upon the fourth item of the will by the circuit court is in harmony with the intent of the testator as expressed in the first disposition of his property by the will, in giving to the children of Alfred and Tecumseh each one-fourth of his property. Having done so in the first instance it is but reasonable to infer and hold that, in the disposition of the one-fourth given to Obed on his failure to have children born to him, it was his intention that the children of each of the deceased sons should take the same share that David, the living son, should take.

It is further supported in that the construction casts the property where the law would cast it did they inherit either

from the deceased, David Kilgore, or the devisee, Obed Kilgore, and this is sufficient to turn the scale in favor of such construction. *Henry* v. *Thomas, supra.* We are of the opinion that there was no error in the construction of the fourth item of the will.

As to the fifth item of the will it is conceded that it was the intention of the testator to make a full disposition of his property and to pass the title to either David or his children by this clause of the will. We do not think the contention of the appellant can be sustained, viz.: that it gives to David the fee in the property. There is no grant at all to David except to hold in trust for his children. And as it is not contended but that the children take the fee if David does not, it is unnecessary to discuss that feature of the question presented by this item.

It is further suggested that the decree is defective for the reason that in the complaint, in addition to setting out the contentions of the parties as to the construction of the will, it alleges that appellant is the absolute owner of the one-fourth, and that such contentions cast a cloud upon his title, which he asks to have removed and his title quieted, and that there is no formal adjudication upon the question of title. The sole question in controversy in the case is in regard to the construction to be placed upon the will. And the adjudication and settlement of that question dispose of all questions in the case, and we think the finding and judgment settles all questions in controversy.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Dec. 18, 1890; petition for a rehearing overruled Feb. 17, 1891.