ROHRER ET AL., EXECUTORS, v. BURRIS ET AL.

[No. 3,841.    Filed October 3, 1901.]

WILLS.—*Construction.*—*Residuary Clause.*—Testatrix after making specific bequests of her property to brothers and sisters and nephews and nieces, by the residuary clause of her will gave all the residue of her estate to H. and S., daughters of her brother D., and to the children (not named) of two other brothers "to have and share the same in equal parts;" that the children of a deceased niece should take "jointly their mother's part," and in case S. died without issue before testatrix her share should go to her sister H. It appeared by the evidence that the two nieces named had a half brother living, who was a son of their father. *Held,* that it was the intention of the testatrix that the basis for division should be nephews and nieces only, and that the divisions should be *per capita* and not *per stirpes.*

From Kosciusko Circuit Court; *H. S. Biggs,* Judge.

Action by Hannah Burris and Sarah Overlease against William W. Rohrer and others for the construction of the residuary clause of a will. From a judgment ordering the distribution of the residuary estate *per stirpes,* defendants appeal. *Reversed.*

*C. W. Miller, J. S. Drake* and *S. J. North,* for appellants.
*L. W. Royse* and *B. Shane,* for appellees.

ROBINSON, J.—Action to construe a will. So much of the testatrix' will as is necessary to determine the question involved reads as follows: "Item 3. I will to each, Enoch and William Rohrer, sons of my brother Daniel, $10; also to each of the three sons of Amanda Clayton, deceased daughter of said Daniel Rohrer, $10. Item 4. I will unto Susan Beckner and Mary Rohrer daughters of brother Samuel Rohrer, $10 each. Item 5. I will unto the children of my sister, Barbary Haas, deceased, $250 to be divided equally between them share and share alike. Item 6. I will unto John Rohrer, son of my brother David, $10; to Hannah Burris, daughter of said David $1,000; and to Sarah Over-

Rohrer *v.* Burris.

lease daughter of said David, and in case of her death then to her children, $1,000, but in case said Sarah shall die before my death leaving no child or grandchild living then said sum shall go to said Hannah forever. Item 7. I will to William Wesley Rohrer, son of my brother John Rohrer, $500; to Thomas J. Rohrer son of said John, $500; to Mary E. Yoder, daughter of said John, $500, but should said Mary die before my death, leaving a child or children her surviving, then said $500 so bequeathed to her shall at my death go to said child or children and to the survivors of such as are dead; but should she die before my death leaving no issue, her surviving, then said bequest shall go to the brothers and sisters of said Mary E. Yoder in equal parts— the children of any brother or sister deceased shall jointly take the parents' share, that is, *per stirpes.* Item 8. I will to my brother John Rohrer $2,500. Item 9. I will unto the children of Jacob Rohrer, deceased, $2,500 to be divided equally between them, but the children of Etta, deceased— daughter of said Jacob deceased—shall take jointly their mother's share only; and the same rule shall apply to the descendants of any other of said Jacob's children that may die within my lifetime. Item 10. I will to Albert Warren and to William Warren each $100. Item 11. I will to Bessie Burris, daughter of William and Hannah Burris, $500 which sum shall be paid her when she arrives at twenty-one years of age, and till then after my death said money shall be put at interest with good security. Item 12. I will all the residue of my estate, if any there shall be, to the two daughters, Hannah and Sarah, daughters of said David; and to the children of my brother John; and to the children of my said brother Jacob; to have and share the same in equal parts—the children of Ettie, daughter of Jacob, taking jointly their mother's one part. And in case Sarah shall die before my death then her otherwise residuary share shall be governed by the provisions of item six." The question presented is whether, under item twelve, the distribution should be *per capita* or *per stirpes.*

The facts show that in addition to the daughters named in item twelve, David Rohrer had a son John, a half brother to the daughters, who was known to the testatrix, and who is and was living when the will was executed, and that David died before the will was executed; that John Rohrer, mentioned in item twelve, is still living and has six children, living, other than the three named in item seven, the youngest of whom is twenty-eight years of age. That Jacob Rohrer died before the will was executed, that all his children, except Ettie, are living, the youngest being twenty years of age. Testatrix left no father or mother or child or descendants of any child surviving her. By an antenuptial agreement between the testatrix and her husband, who survived her, it was agreed that if he should survive her he should have one-third of her estate and no more, the testatrix reserving the right to control by will the remaining two-thirds and that if she should die intestate, the husband surviving her, two-thirds of her estate should descend to her next of kin, the husband to have no interest therein.

The paramount object in construing a will is to express the true intention and meaning of the testator. And to arrive at the true meaning of a particular clause the court will look to the whole will if any light will thus be thrown on the clause to be construed. It is also settled that if the testator's intention is doubtful, or the language used is ambiguous, the court will adopt that construction which will cast the property as the law would have cast it had no will been made. If a division is to be made among near and remote heirs the law favors a distribution *per stirpes* in preference to *per capita.* If the division is to be made among persons standing in the same degree of relationship the distribution will be *per capita.* See, *Cox* v. *Cox,* 44 Ind. 368; *Blake* v. *Blake,* 85 Ind. 65; *Baker* v. *Bourne,* 127 Ind. 466; *Kilgore* v. *Kilgore,* 127 Ind. 276; *West* v. *Rassman,* 135 Ind. 278; *Henry* v. *Thomas,* 118 Ind. 23.

The law, in the case at bar, would have made the distribution *per stirpes,* each family of children, other than

John's, taking an equal share with him. But in the residuary clause the testatrix had in view only one class of legatees all bearing to her the same degree of relationship. There can be no doubt as to her intention in this respect because she names but one class. The rule is not different whether she designates them as the children of certain of her brothers, or designates each by name. She does name the nieces Hannah and Sarah with the intention, no doubt, to exclude their half brother. She designates the legatees in the residuary clause in the same way that she designates most of them in the specific legacies. She intends the basis for division shall be nieces and nephews only. The children of the deceased niece, Ettie, shall take a niece's part, and if the niece Sarah die the niece Hannah shall have two parts. These nieces and nephews are "to have and share the same in equal parts, the children of Ettie, daughter of Jacob, taking jointly their mother's one part."

It can not be said that the specific legacies are given by families. The testatrix did not treat the children of David, nor the children of John, as a family. David's son is given only one-tenth as much as each of his two half-sisters, and six of John's children are entirely omitted in the specific legacies. In the residuary clause she omits the nephew and includes John's children who were omitted. It is true the testatrix confines the residuary clause to children of three families, but manifestly she is now considering them individually.

All her brothers and sisters, except John, were dead. She made provision for him by a specific bequest. He is still living, and could have no representatives. He is omitted in the residuary clause. When the testatrix came to this clause the only objects of her bounty were nieces and nephews, and the children of a deceased niece. She expressly provides that these children shall take their mother's one part. We fail to see any ambiguity in the residuary clause. The distribution under that clause should be *per capita.*

Judgment reversed.