Maximilian Moss, S.
In this accounting proceeding the court is required to construe testator’s will and codicil in order to determine to whom and in what shares and proportions the principal and income of the residuary trust are distributable. Testator’s will dated February 18, 1920 and codicil dated May 11, 1923 were admitted to probate on September 21, 1927 and letters testamentary and letters of trusteeship were issued to petitioner’s predecessor. The executor’s account was judicially settled by decree dated April 26, 1930. The trustee is now accounting upon the widow’s death terminating the trust.
Under paragraph “Third” of the will testator created a residuary trust with income payable to the widow for life and after her death to the issue of testator then living for their respective lives until testator’s son, George, arrived at age 25, provided he survived the widow and was under the age of 25. As it turned out, George predeceased testator and the trust terminated upon the widow’s death on February 9, 1960. The paragraph of the 1920 will concludes: “ Upon the termination of said trust as above provided, I direct that both the principal of said trust fund and the unexpended income derived therefrom remaining in the hands of the Trustee hereinafter named shall be divided into as many farts or shares as shall equal the number of my children who shall be living at said time and who shall be deceased, leaving issue, and direct that one of said parts or shares be paid over by said Trustee to each one of *160 said children then living, and to the issue of any child then deceased per stirpes and not per capita. It being my intent and wish to divide said trust fund at the termination of said trust equally among my children and grandchildren, the said grandchildren to take the share or portion the parent would have taken if living per stirpes and not per capita, and, if any of my children should die before the date of the distribution of said trust fund without issue that the share or portion the said child would have taken shall be then distributed among my other children then living and the issue of any child or children, per stirpes and not per capita, who may have died before the date of said division” (emphasis supplied).
The codicil of May 11, 1923 reads as follows:
“Owing to the death of my eldest son, James A. McNaught I herewith revoke any clause in my will covering his children and desire should my wife, Helen McNaught predecease me, that at my death sufficient funds shall be invested in a special trust to pay to my grandson, James Donald McNaught, the sum of One Hundred and four pounds sterling (£ 104) per annum until he reaches the age of twenty-one years, at which time the trust shall terminate and he be paid the sum of One thousand pounds sterling (£ 1000) the balance of the fund reverting to my estate.
“ I further desire that should my wife Helen McNaught predecease me sufficient funds shall be invested in a special trust fund to pay an annual income of One Hundred and four pounds sterling (£ 104) to my granddaughter, Margaret Helen McNaught until she arrives at the age of twenty-one years at which time the trust shall terminate and the sum of Two thousand five hundred pounds sterling (£ 2500) shall be paid to her from my estate, and should any balance remain from the said trust fund it shall revert to and be divided between my sons, George 0. McNaught and Stewart B. McNaught in equal shares.”
At the time the will was executed testator had three children, James, George and Stuart (mentioned in the codicil as Stewart). James died on June 21, 1922 leaving the two infant children named in the codicil, James Donald McNaught and Margaret Helen McNaught (now Goughian). George died on June 1, 1925, unmarried and without issue. Testator subsequently died on June 28, 1927 survived by his widow, the two above-named children of his son James, his son Stuart and the latter’s child, Anne S. McNaught. Stuart died on June 27,1936, leaving Anne as his only issue. Thus testator’s only issue now present at time of distribution are his said three grandchildren, who are the respondents herein.
*161 If the will alone were before the court, respondent Anne S. McNaught, the child of Stuart, would clearly be entitled to one half, and the two children of James each to one quarter of the trust fund. However, Anne claims that by virtue of the codicil she is entitled to the whole trust fund, to the exclusion of James and Margaret, children of James, on the ground that their benefits under the will were completely revoked by the codicil and the substituted benefits therein provided were conditioned upon the widow predeceasing testator, an event which did not occur. James and Margaret reside in England. They were served with citation but have not appeared herein and no one has made any claim on their behalf to share in the distribution of the trust estate. Petitioner trustee remains neutral. The responsibility of the court for the protection of the rights of our English cousins is, therefore, all the greater.
The primary rule of construction is to give liberal effect to testator’s intentions as expressly stated or necessarily implied. This must be gleaned from a sympathetic reading of the entire will and codicil in the light of all of their provisions taken together and the surrounding circumstances (Matter of Fabbri, 2 N Y 2d 236; Matter of Cutter, 5 Misc 2d 737, affd. 4 A D 2d 966, affd. 5 N Y 2d 1018).
Testator in his will expressly stated that it was his ‘ ‘ intent and wish to divide said trust fund at termination of said trust equally among my children and grandchildren ’ ’ per stirpes (emphasis supplied). The intent of testator is stated in language which is clear, convincing and unambiguous and exhibits a definite testamentary scheme to treat his issue on an equal basis. To change what properly may be called a natural will and thereby completely do violence to the commendable intent of equality expressed by testator requires the change to be expressed in equally clear, convincing and unambiguous language. This is especially true when the change was made by a layman. That the language in the codicil is recognized as being ambiguous is implicit in the very nature of this proceeding which was instituted for the additional purpose of having the language of the codicil construed.
It appears that the will was drawn and its execution supervised by testator’s attorney, while the codicil was neither prepared nor its execution supervised by an attorney. This is plain from the following appearing on the face of the codicil: (1) The codicil is on a letter size sheet of paper and is dated in the right-hand corner as is customary for letters; (2) there is no testimonium clause; (3) there is no attestation clause; (4) the *162 instrument is designated “ Codicile ” which spelling is not that of an attorney and cannot he found in any of the standard dictionaries consulted by the court; and (5) the words “ should my wife, Helen McNaught predecease me ” were interlineated in the codicil in handwriting.
The court finds that the purpose of the provisions in the codicil concerning the children of James was to assure to them, but only in the event testator’s wife predeceased him, a fixed annual income during minority and a stated principal sum at age 21 out of special trust funds to be carved out of the residuary estate in place of the indefinite income they might receive under the income provisions of the will during the continuance of the trust. The remainder interests set forth in the will upon the termination of the residuary trust on the death of the widow, or of George if he survived her, were not intended to be eliminated by the codicil. In further support of the aforesaid construction is the provision in the codicil that any balance remaining at termination of the special trust fund for the benefit of James Donald McNaught should revert to testator’s estate, meaning the residuary estate left in trust equally for all of testator’s issue per stirpes.
The court, therefore, holds that the statement in the codicil, “ I herewith revoke any clause in my will covering his (James’) children ”, must be held to apply only to their possible income interests under the trust income provisions of the will, insofar as they would be affected by the codicil in the event testator’s wife predeceased him, and not to their remainder interests upon termination of the residuary trust either in that event or in the event which occurred, namely, that testator’s wife survived him. In the opinion of the court, the references in the codicil to the wife’s predeceasing testator were not intended to deprive James’ children of all benefits from testator’s estate as set forth in the will, but merely as the only event for the specific benefits set forth in the codicil.
Taking into consideration testator’s dominant intention, reasonable construction would require the court to read the codicil as in effect saying: “ Owing to the death of my eldest son, James A. McNaught, I desire, should my wife Helen McNaught predecease me, to herewith revoke any clause in my will covering his children ’ ’, etc. Testator’s wife died on February 9, 1960 while testator died on June 28, 1927. Therefore, testator’s wife Helen McNaught did not predecease him. Implied is the desire not to revolee the will as to James’ children if testator’s wife survived him, as was the case. To effect testator’s intention, courts may resort to transposition of words and phrases. *163 In this case, this would appear to be particularly applicable as the words ‘ ‘ should my wife * * # predecease me ’ ’ were interlineated in handwriting after the codicil was typewritten and undoubtedly were inadvertently placed in the wrong position. It does not seem reasonable to suppose that testator intended to give his grandchildren certain fixed income during minority and principal amounts upon attaining majority only in the event his wife predeceased him and to exclude them from all benefits both under the will and the codicil if his wife survived him. Neither the wife’s time of death nor the predecease of testator’s son, James, offers any explanation for discrimination. Such a result, being unnatural, will not be presumed by the court as one intended by testator, and should be avoided particularly in construing a codicil apparently drawn by a layman. A reasonable interpretation of testamentary language in the light of the testamentary scheme is to be preferred over an unreasonable interpretation.
The court directs that the remaining principal of the residuary trust together with all income earned since its termination shall be distributed one half to respondent, Anne S. McNaught, and one quarter each to respondents, James Donald McNaught and Margaret Helen Goughian. The will and codicil are so construed.