### ESTATE OF Lucile E. STOWERS, Petitioner,

v.

### INDIANA DEPARTMENT OF REVENUE, INHERITANCE TAX DIVISION, Respondent.

No. 71T05-8808-TA-00042.

Tax Court of Indiana.

Feb. 3, 1989.

fore this court on transfer from the St. Joseph Probate Court.

The facts of this case are undisputed and both parties have filed respective motions for summary judgment under Trial Rule 56. On October 6, 1976, Lucile E. Stowers created a living trust. She died on July 24, 1987. At the time of her death, she was survived by three children and eight grandchildren, all of adult age. The living trust provided for distribution of the trust estate as follows:

> After making the provisions for the payments contemplated above, the trustee shall allocate the trust estate at my death including property added to the trust estate by my will or from any other source, per stirpes among my living children and grandchildren.

Stowers' "Schedule of All Property ... for Inheritance Tax Appraisement" and the resulting Order determining the amount of inheritance tax due were prepared according to an interpretation of the living trust providing for an equal distribution of the property to each of decedent's three children. The Petitioner paid the amount of tax due in the sum of $6,198.75.

Subsequently, the trustee reconsidered the interpretation of the living trust agreement and concluded that the property should be distributed to each of decedent's three children and eight grandchildren in equal shares. Such a distribution would result in a reduction of the inheritance tax due by a sum of $3,499.45.

The issue before this court is whether the correct interpretation of the trust agreement provides for a distribution in equal shares to the decedent's three children or whether it provides for a distribution in equal shares to the decedent's three children and eight grandchildren.

James D. Nafe, Sr., Nafe & Nafe, South Bend, for petitioner.

Linley E. Pearson, Atty. Gen. by James R. Green and Jane E. Griffin, Deputy Attys. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF THE CASE

Petitioner, Estate of Lucile E. Stowers, appeals Respondent's, Indiana Department of Revenue, final order denying its claim for refund. Stowers has duly filed its claim for refund. This matter comes be-

## DECISION AND OPINION

 It is well established that when interpreting a will or trust the court must look to the language used in the instrument. *Pugh v. Pugh* (1886), 105 Ind. 552, 5 N.E. 673; *Matter of Estate of Hensley* (1980), Ind.App., 413 N.E.2d 315; *Estate of Maloney v. Carsten* (1978), 178 Ind.App.

191, 381 N.E.2d 1263; *Herron v. Stanton* (1920), 79 Ind.App. 683, 147 N.E. 305; *Boren v. Reeves* (1919), 73 Ind.App. 604, 123 N.E. 359; *Lee v. Lee* (1910), 45 Ind.App. 645, 91 N.E. 507. The court cannot vary or delete terms used in the instrument. *Walters v. Bishop* (1890), 122 Ind. 516, 24 N.E. 161. In the case at bar, the terms of the trust agreement provide for a distribution of property "per stirpes among my living children and grandchildren." The phrase *"per stirpes"* is defined as meaning "[b]y roots or stocks; by representation." *Black's Law Dictionary* 1030 (5th ed. 1979). In contrast, a distribution according to the number of individuals, share and share alike, is a *per capita* distribution. *See Black's Law Dictionary* 1022 (5th ed. 1979). Thus, a *per stirpes* distribution results in members of a more remote class taking by representation their relation's share provided for in the nearer class.

Stowers contends that since the trust agreement provides for two different classes, the children and the grandchildren, a distribution to only the children would ignore a class of distributees specifically provided for in the trust agreement. Stowers does not cite to any case law or statutes which support this assertion. Stowers relies on authorities which hold that the rules of construction are to be employed only when there is an ambiguity in the terms of the instrument. Such reliance, although not irrelevant, is not supportive of Stowers' interpretation of the trust agreement.

■ It is Stowers' contention that the wording of the trust agreement provides for a *per stirpes* distribution to the living children and a *per stirpes* distribution to the living grandchildren and, therefore, since all of the children and grandchildren are living, they should share and share alike in the trust estate. The court finds such a conclusion to be erroneous. A *per stirpes* distribution to living children and grandchildren means that the children, being the nearest class to the decedent, share equally in the trust estate and any deceased child's share passes by representation to that child's living children, those grandchildren being the more remote class, and the same is divided equally among those grandchildren.

■ The court finds the reasoning in *In re McNaught's Will* (1962), 33 Misc.2d 158, 225 N.Y.S.2d 770, to be illustrative. In *McNaught's*, the testator expressly stated that it was his intent to divide the trust fund, at its termination, equally among his children and grandchildren *per stirpes* and if any children had died before the date of distribution of the trust fund without issue then that child's share was to be distributed among the other living children and grandchildren, *per stirpes*. The testator had three children and three grandchildren. At the date of distribution of the trust, one of the testator's children had died leaving no issue, another child had died leaving two children, and the third child had died leaving one child. The trust was divided one-fourth to each of the two grandchildren who were siblings and one-half to their cousin. The grandchildren received their respective parents' share by representation or, in other words, *per stirpes*. The grandchildren did not receive equal shares. Thus, a distribution to "living children and grandchildren *per stirpes*" indicates that the estate is to be distributed equally among the living children and by representation to any deceased child's children who are then living.

*Per stirpes* distributions among near and remote heirs are favored by the law of distribution. *Kilgore v. Kilgore* (1890), 127 Ind. 276, 26 N.E. 56; *Henry v. Thomas* (1888), 118 Ind. 23, 20 N.E. 519; *Runyan v. Rivers* (1934), 99 Ind.App. 680, 192 N.E. 327. *See also* IC 29–1–2–1(c). Thus:

> When a devise is to several persons belonging to different classes bearing different degrees of relationship to the testator, and the language of the will leaves the question of distribution in doubt or the language does not exclude a distribution per stirpes, then the general rule is the will must be construed as intending a distribution per stirpes and not per capita. 2A HENRY'S PROBATE LAW & PRACTICE § 17, AT 602 (1979).

In *Henry v. Thomas* (1888), 118 Ind. 23, 20 N.E. 519, the testatrix bequeathed the remainder of her estate as follows:

> To be divided equal between my brothers and my sisters, and the children of deceased brothers and sisters, and the brothers and sisters of Perry J. Brinegar, deceased, and the children of deceased brothers and sisters.

Some of the legatees claimed the remainder of the estate should be distributed so as to give each of the children of testatrix' deceased brothers and sisters and the children of Paul J. Brinegar's deceased brothers and sisters shares of the estate equal to the share given to each of the testatrix' surviving brothers and sisters. The court disagreed. The court noted that the will designates two classes of beneficiaries: first, the brothers and sisters of the testatrix and her deceased husband, Perry J. Brinegar, living at her death; and, second, the children of such brothers and sisters as are dead. The court held:

> We think the proper construction to be given to this will, and the manifest intention of the testatrix, was to give to the children of each deceased brother and sister of herself and deceased husband the same share that their parent would have taken if living; the child or children of one deceased brother or sister to take the same share that one living brother or sister would take. In legal phraseology, they take *per stirpes*, and not *per capita*. We are supported by the weight of authority in this construction. *Id.* 20 N.E. at 522.

The case at bar is not unlike the situation in *Henry*. Here, decedent has provided for two classes of beneficiaries: first, her living children; and second, her grandchildren. There is no indication that these classes are to be treated equally. Instead, the decedent has specifically stated that the estate is to be distributed *per stirpes*. A *per stirpes* distribution can only mean that the trust estate should be divided into three equal portions attributable to each child of the decedent. If any of the three children had predeceased the decedent then the share which the deceased child would have received would pass by representation to the children of that deceased child. Since all of the decedent's three children survived her, each child is to receive one-third of the trust estate.

It is Stowers' assertion that although the trust agreement provides for two different classes of different degrees of relation to the decedent and the terms clearly state that the property is to be distributed *per stirpes*, the children and grandchildren should share and share alike in the trust property. This argument is without merit. Stowers fails to cite any authority which supports such an assertion and a survey of applicable case law and statutes finds Stowers' interpretation of the trust agreement to be incorrect.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the State's motion for summary judgment be, and the same is, hereby granted. Stowers' motion for summary judgment be, and the same is, overruled and denied.

IT IS FURTHER ORDERED that Stowers take nothing by its petition. Judgment for Indiana Department of State Revenue.