Patricia E. STOWERS, Michael P. Stowers, and Mary S. Kerr, Appellants–Plaintiffs,

v.

NORWEST BANK INDIANA, N.A., Appellee–Defendant.

No. 50A03–9212–CV–400.

Court of Appeals of Indiana, Third District.

Nov. 30, 1993.

Rehearing Denied Feb. 8, 1994.

---

G. Gene Arnholt, Columbus, for appellants-plaintiffs.

Douglas D. Small, M. Patricia Hackett, Barnes & Thornburg, South Bend, for appellee-defendant.

HOFFMAN, Judge.

Appellants-plaintiffs Patricia E. Stowers, Michael P. Stowers and Mary S. Kerr (collectively referred to as "Children") appeal the trial court's entry of summary judgment in favor of appellee-defendant Norwest Bank Indiana, N.A. ("Norwest") in an action seeking damages for an alleged breach of trust in distributing trust property *per capita* rather than *per stirpes.*

On October 6, 1976, Lucile E. Stowers executed a will and a living trust. She died on July 24, 1987. At the time of her death, Lucile was survived by three children (Children) and eight grandchildren, third-party defendants (collectively referred to as "Grandchildren"). In her will, Lucile bequeathed the residue of her estate to Norwest's predecessor in interest, National Bank and Trust Company of South Bend, as trustee of the living trust. The living trust provided for the distribution of the trust estate as follows:

> "After making the provisions for the payments contemplated above, the trustee shall allocate the trust estate at my death, including property added to the estate by my will or from any other source, per stirpes among my living children and grandchildren. . . ."

Upon Lucile's death, the Children were provided with a copy of her trust. Initially, Norwest advised the Children that they would each receive one-third of the trust estate. Upon further review, Norwest determined that the trust required an eleven-way distribution to Lucile's three Children and eight Grandchildren. Norwest contacted each of the Children to advise them of the distribution of the trust estate and to obtain information from them concerning the addresses of the Grandchildren. The trust estate was distributed equally among the Children and Grandchildren between May 18 and June 6, 1988.

Subsequent to the distribution, the Indiana Department of Revenue entered an order that the trust provision which provided for distribution, "per stirpes among my living children and grandchildren," required distribution only to the Children and not to the Grandchildren. On February 3, 1989, the Indiana Tax Court issued an order affirming the Department of Revenue's ruling.

On April 30, 1990, the Children filed their complaint against Norwest, as trustee of Lucile's trust, for a breach of trust contending that Norwest violated the terms of the trust by distributing the trust property *per capita*, rather than *per stirpes.* Norwest filed a counterclaim for declaratory relief and a third-party complaint for reimbursement from the Grandchildren. Thereafter, the Children and Norwest both moved for summary judgment. Norwest's motion for summary judgment focused on the waiver and estoppel and the unjust enrichment issues. For purposes of its motion only pertaining to the issues of waiver and estoppel, it assumed that the pertinent provisions of Lucile's trust required that the distribution be only to the Children. The Children's cross-motion for summary judgment focused on their breach of trust claim. The court heard argument on the motions. On August 27, 1992, the trial court entered an order granting Norwest's motion for summary judgment on the basis that the Children waived any objection to the distribution of the trust assets and were estopped from raising any such objections due to their consent and assistance in the distribution. In entering its order, the court stated that it was not determining whether the distribution of the trust was made in error. The Children now appeal.

The sole issue on appeal is whether the trial court erred in granting Norwest's motion and denying the Children's motion for summary judgment.

The purpose of summary judgment is to terminate litigation for which there can be no factual dispute and which can be determined as a matter of law. *Chambers v. American Trans Air, Inc.*

(1991), Ind.App., 577 N.E.2d 612, 614, *trans. denied.* Our standard of review is the same as that used by the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 994. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. Ind. Trial Rule 56(C).

The Children argue that the trial court erred in determining that they are precluded from recovering damages from Norwest for its alleged breach of trust. Specifically, the Children contend that any consent, acquiescence, or participation, on their part, in the wrongful distribution was without knowledge of their rights.

IND.CODE § 30-4-3-19 (1988 Ed.) provides:

**"Relief of trustee's liability for breach of trust**

(a) Unless the terms of the trust provide otherwise or unless if to do so would frustrate, impair or defeat the purposes of the trust, a beneficiary, except as provided in subsection (b) of this section, relieves the trustee from liability for breach of trust as to that beneficiary's interest if he:

(1) consents to or acquiesces in the act or omission which constitutes a breach of trust;

\* \* \* \* \* \*

(4) participates in the act of the trustee which constitutes the breach of trust.

(b) The consent, acquiescence, agreement to release or discharge, affirmance, or participation by a beneficiary will not relieve the trustee from liability if:

\* \* \* \* \* \*

(2) at the time it was given the beneficiary did not know of his rights or all of the material facts which the trustee knew or should have known;

(3) it was induced by the trustee's improper conduct[.] ..."

The Study Commission Comment to section 19 states that subsection (a) subdivision (1) follows the Restatement (Second) of Trusts § 216. *See* IND.CODE § 30-4-3-19 (Burns 1989). Whereas, subdivision (4) follows present Indiana law as exemplified in *Meier v. Union Trust Co. of Indiana* (1931), 93 Ind.App. 457, 176 N.E. 42, *trans. denied.*

■ Either concurrence in the act or acquiescence will release the trustee from liability for breach of trust.

Bogert, *Trusts,* § 168 (6th Ed.1987);

Restatement (Second) of Trusts § 216 comment (a) (1959).

The mere fact, however, that the beneficiary does not object to the deviation from the terms of the trust does not equal consent. *Id.* As cautioned by Professor Scott in his treatise,

"[a] distinction is to be drawn between consent of the beneficiary and mere failure to object. The mere fact that the beneficiary knows that the trustee is committing a breach of trust and fails to make any objection is not sufficient to preclude him from holding the trustee liable for breach of trust. On the other hand, the beneficiary is precluded by his consent from holding the trustee liable for breach of trust even though he did not request the trustee to deviate from the terms of the trust. In other words, it is immaterial whether the suggestion that the trustee should deviate from the terms of the trust came from the beneficiary or from the trustee, except that it may be easier for the beneficiary to show that his consent was improperly procured by the trustee when the suggestion came from the trustee than it is where the beneficiary himself originated the suggestion and requested the trustee to do what would otherwise render him liable for breach of trust."

Scott, *The Law of Trusts,* § 216 at p. 1733 (3d Ed.1967).

■ Norwest points to the Children's failure to object to the proposed eleven-way distribution as relieving it from any possible liability for breach of trust. Failure to

object, however, is not sufficient to preclude the beneficiaries from holding Norwest liable.

> See Rest.2d, *Trusts* § 216 at p. 499;
>
> Bogert, § 168 at p. 626;
>
> Scott, § 216 at p. 1733.

There is no duty on a beneficiary to take a position with regard to approval or disapproval of a proposed act of the trustee. Bogert, § 168 at p. 626.

Norwest, however, asserts that the Children consented to, acquiesced, and participated in the distribution of the trust by supplying it with information regarding the Grandchildren's addresses and executing and returning W–9 tax forms. Norwest points to letters from two of the Grandchildren requesting an earlier distribution. The Children argue that any participation, acquiescence, or participation was given without knowledge of their rights which Norwest knew or should have known.

Here, the Children were initially informed by Norwest that Lucile's trust required a three-way division among the Children. Subsequently, the Children were told by Norwest that it had determined that the instrument required that its prior determination was erroneous and that the terms of the trust document instead mandated that the assets of the trust be divided equally among the Children and the Grandchildren, an eleven-way distribution. It was pursuant to Norwest's request that the Children provided Norwest with the Grandchildren's addresses. Norwest was acting in its fiduciary capacity, as trustee, and the beneficiaries cannot now be estopped from alleging breach of trust after its determination and representation to the Children that the trust document required a *per capita* distribution. If Norwest had any question with regard to the proper distribution of the trust's assets, it could have asked the court for guidance prior to distribution. *See* IND.CODE § 30–4–3–18(a) (if reasonable doubt with respect to

administration of trust, trustee is entitled to be instructed by court). Moreover, the Grandchildren's actions cannot be attributed to the Children. The Children should not be estopped from raising objection as to the distribution of the trust's assets.

 Having determined that the trial court erred in granting Norwest's motion for summary judgment, this Court must next determine if the court properly denied the Children's motion for summary judgment.[1] It is well established that when interpreting a will or trust this Court must look to the language used in the instrument.

> *Pugh et al. v. Pugh* (1886), 105 Ind. 552, 554, 5 N.E. 673, 674;
>
> *Matter of Estate of Hensley* (1980), Ind. App., 413 N.E.2d 315, 317;
>
> *Boren v. Reeves* (1919), 73 Ind.App. 604, 606, 123 N.E. 359, 360, *trans. denied;*
>
> *Lee v. Lee* (1910), 45 Ind.App. 645, 648–649, 91 N.E. 507, 508.

Where the terms of a trust document are not ambiguous, this Court looks only to the trust document to determine the settlor's intent which may be determined as a question of law.

> *Malachowski v. Bank One, Indianapolis* (1992), Ind., 590 N.E.2d 559, 565;
>
> *Unborn Beneficiaries v. Kreigh* (1990), Ind.App., 554 N.E.2d 1167, 1168.

This Court cannot vary or delete terms used in the instrument. *Waters v. Bishop et al.* (1890), 122 Ind. 516, 519, 24 N.E. 161, 162.

 Here, the terms of the trust document provide for a distribution of the trust estate "per stirpes among my [Lucile's] living children and grandchildren." A *per stirpes* distribution results in members of a more remote class of beneficiaries taking by representation their relation's share provided for in the nearer class. *See Black's Law Dictionary* 1144 (6th Ed. 1990). Thus, a distribution to living chil-

---

1. Norwest suggests that the issue of improper distribution of the trust estate is not properly before this Court on appeal. Specifically, it argues that there was no final appealable order as to this issue. The trial court's entry of summary judgment in favor of Norwest on its claims of waiver and estoppel effectively put an end to this case as to the parties, the Children and Norwest, and all such issues; thus, a final appealable judgment has been entered.

dren and grandchildren *per stirpes* indicates that the estate is to be distributed equally among the living children and by representation to any deceased child's children who are living. *Per stirpes* distributions are favored by the law of distribution.

West et al. v. Rassman (1893), 135 Ind. 278, 292, 34 N.E. 991, 995;

Kilgore v. Kilgore et al. (1890), 127 Ind. 276, 280–281, 26 N.E. 56, 57–58;

Henry et al. v. Thomas, Executor, et al. (1889), 118 Ind. 23, 30, 20 N.E. 519, 522;

Runyan v. Rivers (1934), 99 Ind.App. 680, 683–685, 192 N.E. 327, 328.

This Court, as the tax court did (*see Estate of Stowers v. Dept. of Revenue* (1989), Ind.Tax. 533 N.E.2d 1306), finds the case of *In re McNaught's Will* (1962), 33 Misc.2d 158, 225 N.Y.S.2d 770, to be illustrative. In *McNaught's,* the testator stated that it was his intent to distribute the trust's assets, at the trust's termination, equally among his children and grandchildren *per stirpes* and if any children had died before the date of distribution without issue then that child's share was to be distributed among the other living children and grandchildren, *per stirpes.* At the date of distribution, one of testator's children had died leaving no issue, another had died leaving two children, and the third child had died leaving one child. The trust was divided one-fourth to the two grandchildren who were siblings and one-half to the third child's child. Hence, the court concluded that the trust required a *per stirpes* distribution, the grandchildren each receiving their respective deceased parent's share.

As the tax court pointed out in *Stowers,* the situation here is not unlike that of *Henry et al. v. Thomas, Executor, et al.* (1889), 118 Ind. 23, 20 N.E. 519. *See Stowers,* 533 N.E.2d at 1309. In *Henry* the testatrix bequeathed the remainder of her estate,

" '[t]o be divided equally between my brothers and my sisters and the children of deceased brothers and sisters, and the brothers and sisters of Perry J. Brinegar, deceased, and the children of deceased brothers and sisters[.]' "

*Henry,* 118 Ind. at 24, 20 N.E. at 520. Some of the children claimed the remainder of the estate should be distributed so as to give them shares of the estate equal to the share given to each of the testatrix's surviving brothers and sisters. The court disagreed. The court noted that the will designated two classes of beneficiaries: first, the brothers and sisters of the testatrix and her deceased husband, Perry J. Brinegar, living at her death; and second, the children of such brothers and sisters that had predeceased her. The court held that proper construction of the will and the manifest intent of the testatrix was that the child or children of each deceased brother and sister was to take the same share that the parent would have taken if living, a *per stirpes* distribution. *Henry,* at 28, 20 N.E. at 522.

■ Here, the language of the trust is unambiguous. In the trust, Lucile had provided for two classes of beneficiaries: her Children and her Grandchildren. There is no indication that these two classes be treated equally. Rather, in the trust Lucile clearly stated that the trust estate is to be distributed *per stirpes.* A *per stirpes* distribution can only mean that the trust should be divided equally into three portions attributable to each of the Children. Only if one of the Children had predeceased Lucile would that child's share of the estate pass by representation to the children of the deceased child. Under the clear provisions of the trust, the Children are to each receive a one-third share of the trust estate. This Court need look no further than the unambiguous language used in the trust document to determine Lucile's intent with regard to distribution of the trust.

Having determined that as a matter of law the trust document provided for a *per stirpes* distribution and that Norwest is liable to the Children for the breach of trust caused by Norwest's *per capita* distribution contrary to the unambiguous terms of the trust, we reverse the trial court's grant of summary judgment in favor of Norwest on the grounds of waiver

and estoppel and order that summary judgment be entered in favor of the Children. However, Norwest's cross-claim against the Grandchildren as third-party defendants is still viable.

Reversed and remanded.

STATON, and FRIEDLANDER, JJ., concur.