Filed March 29, 1884.

## No. 10,707.

### CUMMINGS ET AL. *v.* PLUMMER ET AL.

WILL.—*Construction of.*—" *Children.*"—*Grandchildren.*—A testator, by his will, directed his executor to convert his estate into money, and to then " make distribution between my *children* living, and the *children* of my deceased *children if* living at the time," etc. At the testator's death he left living children, but one of his children had died leaving some living children, and also some who had already died leaving children who were great grandchildren of the testator.

*Held,* that the latter took nothing.

From the Union Circuit Court.

— *Brown* and — *Brown,* for appellants.

*T. D. Evans,* for appellees.

COLERICK, C.—The appellants filed their complaint against the appellees to obtain a construction by the court of certain provisions in the will of Henry Peinson, deceased. A demurrer to the complaint, assigning insufficiency of facts, was sustained, and, the appellants declining to amend, final judgment, on demurrer, was rendered against them, from which they appeal. The only error assigned is the ruling of the court upon said demurrer.

The provisions of the will to be construed are embraced in the second item or article thereof, as follows:

"Article 2d. I direct my executor to sell my homestead farm on which I now reside, in Harrison township, Union county, Indiana, consisting of two hundred and ten acres, also my farm in Center township, county above written, on which my son Isaac now resides, to best advantage as he may consider, and when my estate is changed into money I desire my executor to make distribution between my children living, and the children of my deceased children if living at the time, and share alike, to wit: The children of Sophia A. Plummer, deceased, to receive the portion that she would have received if living; the children of Thomas Peinson, deceased, to receive the portion that he would have received if living; the children of Mary J. Kettler, deceased, to receive the portion that she would have received if living; the children of Lydia A. Hall, deceased, to receive the portion that she would have received if living. I desire my entire estate to be distributed as above described, except $100 I direct my executor to pay the trustees of the Christian church at Hannen's Creek, in Harrison township, Union county, Indiana, the interest only to be used by said trustees for the benefit of said church; also, $100 I desire my executor to pay to my granddaughter Mary Wescott over and above her portion as the heir of her mother."

The complaint, in substance, avers that the appellants were, at the time of the making of said will and the death of said testator, and still were, the living grandchildren of said So-

phia A. Plummer, they being the children of two of her children who were deceased at the time of the making of said will; that said Thomas Peinson, Mary Heltner and Lydia A. Hall, at the making of said will, had no grandchildren living, and that the appellants were the only grandchildren of any of the deceased children named in said will; that by the following clause in said will, to wit, "I give and bequeath to the children of Sophia A. Plummer, deceased, the portion that she would have received if living," the appellants were included and became entitled to their portion of the legacy so bequeathed to the living children of said Sophia A. Plummer; that the word "children," as used in said will, meant and included grandchildren in the sense in which said phrase was used in said will, as would more fully appear by the whole will, a copy of which was filed with and made a part of the complaint; that Mary Wescott, named in said will, was the child of said Lydia A. Hall, who was the daughter of the testator; that the appellees Thomas Plummer and Henry Plummer were the only children of said Sophia J. Plummer living at the time of the making of said will, and that they were still living; that said will had been duly probated, and that the legacy belonging to the appellants and the appellees Thomas Plummer and Henry Plummer, amounting to about $2,400, was then in the hands of the appellee Richard M. Haworth, as the executor of said will, for distribution, and that the appellants and the appellees Thomas Plummer and Henry Plummer constituted all the legatees of said Sophia A. Plummer; that said executor disputed the right of the appellants to any legacy under the will. Wherefore they prayed that they be adjudged legatees under the will, and entitled to their portion of said legacy, and that said executor be directed to pay the same, and for other relief.

The only question submitted for our consideration is, whether the appellants, as the grandchildren of Sophia A. Plummer, are entitled to participate, as legatees, in the dis-

tributive share of said estate, which, by the provisions of the
will, was given to " the *children* of Sophia A. Plummer, de-
ceased." There is no expression used in the provision of the
will to which we have referred, or in any other provision, indi-
cating, in any manner, that the word "children" was intended
to be used by the testator in any other than its proper and
ordinary signification, or evincing an intention or desire on
his part to make any provision whatever for the appellants,
but, on the contrary, the language used in the will clearly
indicated an intention or desire on his part to exclude them
from participating in the distribution of his estate, as the will
directs the executor of the will, after he has converted the
real estate into money, to make distribution thereof among
the testator's children, living, " and the *children* of his [my]
children *if living at the time.*" By this provision it is apparent
that the appellant intended to confine the distribution of his
estate, as to the children of his deceased children, to those of
them who might be living at the time of the making of the
distribution. And as it appears by the averments in the com-
plaint that, at the time of the death of the testator, there were,
and still are, children of Mrs. Plummer living, we think
that they alone, as such children, are entitled to the share in
the estate which Mrs. Plummer would have received if living.

In 2 Jarman on Wills, p. 690, it is said : " The legal con-
struction of the word *children* accords with its popular signifi-
cation ; namely, as designating the immediate offspring; for,
in all the cases in which it has been extended to a wider range
of objects, it was used synonymously with a word of larger
import, as issue. It has sometimes been asserted, however,
that a gift to children extends to grandchildren, where there is
no child." And in 2 Redfield on the Law of Wills (2d ed.), p.
15, it is said : " The word 'children,' as well as all other similar
descriptive terms of classes or relations, it will be borne in
mind, must always be understood in wills, in its primary and
simple signification, where that can be done ; in short, where
there are any persons in existence at the date of the will, or

before the devise or legacy takes effect, answering the meaning of the term. And where the term ' children ' has received a larger and more extended construction, as synonymous with issue, it has generally been based upon something in the will, unless it resulted as already intimated, from the fact that there were no children in existence."

The law, as above stated in the text-books to which we have referred, is recognized and fully sustained by an unbroken line of decisions. Among the cases directly in point are the following: *Churchill* v. *Churchill*, 2 Met. (Ky.) 466; *Collins* v. *Hoxie*, 9 Paige, 81; *Cromer* v. *Pinckney*, 3 Barb. Ch. 466; *Gardner* v. *Heyer*, 2 Paige, 11; *Mowatt* v. *Carow*, 7 Paige, 328; *Appeal of Gable*, 40 Pa. St. 231; *Ward* v. *Sutton*, 5 Ired. Eq. 421; *Hallowell* v. *Phipps*, 2 Whart. 376; *Dickinson* v. *Lee*, 4 Watts, 82; *Cutter* v. *Doughty*, 23 Wend. 513; *Izard* v. *Izard*, 2 Des. Eq. (S. C.) 308; *Phillips* v. *Beall*, 9 Dana (Ky.), 1; *Ewing* v. *Handley*, 4 Littell, 346; *Osgood* v. *Lovering*, 33 Maine, 464; *Thomson* v. *Ludington*, 104 Mass. 193; *Low* v. *Harmony*, 72 N. Y. 408; *Castner's Appeal*, 88 Pa. St. 478; *Feit* v. *Vanatta*, 21 N. J. Eq. 84.

In *Churchill* v. *Churchill, supra,* the law is thus clearly and forcibly stated: " The technical legal import of the word 'children' accords with its ordinary and popular signification. It does not denote grandchildren; and, though sometimes used with that purpose and effect, there is no warrant for thus enlarging its meaning in construing a will, unless indispensably necessary to effectuate the obvious intent of the testator. It may be regarded as well settled that such enlarged or extended import of the word ' children,' when used as descriptive of persons to take under a will, is only permissible in two cases. *First, from necessity, where the will would be otherwise inoperative;* and, *second,* where the testator has shown by other words that he did not use the word in its ordinary and proper meaning, but in a more extended sense." The other cases cited are to the same effect.

No error was committed in sustaining the demurrer to the complaint.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed April 2, 1884.