Pugh *et al. v.* Pugh *et al.*

Filed March 9, 1886.

---

No. 11,445.

## PUGH ET AL. *v.* PUGH ET AL.

WILL.—*Construction.*—*Intention.*—*Evidence.*—In the construction of a will, it is the duty of the court to ascertain the intention of the testator, but this must be shown in some way by the will itself, and not wholly by outside facts.

SAME.—*Word "Children" Does not Signify "Grandchildren."*—Where a bequest is given by will to the children of a person, the word "children" must be understood in its primary signification, where there are persons living at the date of the will, or when the bequest takes effect, answering such meaning of the term, and in such case it will not include grandchildren.

From the Fayette Circuit Court.

*F. J. Hall,* for appellants.

*B. L. Smith* and *W. J. Henley,* for appellees.

HOWK, J.—The record of this cause shows that Mary Harlock, late of Fayette county, died testate on the — day of April, 1881. Her last will was dated and duly executed by her, on the second day of August, 1879. The third item or clause of her will reads as follows:

"*Thirdly.* The residue of my estate (after paying expenses of administration), real, personal and mixed, I request my executor and hereby direct him to loan at interest, on such time and terms as he may direct or deem prudent, and, after deducting taxes and expenses, to pay the residue of the interest thereon annually to my grandson, Thomas A. Taylor, during his natural life; and should my executor at any time deem it prudent, he may, and is hereby authorized to pay the principal and interest to said Thomas A. Taylor, or my executor may, if he deems best, invest the same in real estate for said Thomas A. Taylor; and should said Thomas A. Taylor marry and have issue living at his death, if the same has not previously been paid to said Taylor, or invested in real estate, then and in that event the same be paid to said child or children of said Taylor. But should said Taylor die without issue, then and in that event the same be paid one-half to the children of my sisters, Eliza A. Helm (now dead) and Catharine Stewart, that is to say, one-half to the children of Eliza A. Helm, and one-half to the children of Catharine Stewart."

Thomas A. Taylor, the grandson of the testatrix named in the third item or clause of her will, departed this life on the 26th day of June, 1882, intestate, unmarried and without issue. Catharine Stewart, named in testatrix's will, died April 10th, 1882. At the date of the last will of the testatrix and at the date of her death, Catharine Stewart had only two living children, namely, William A. Pugh and Sophia Sickles, who are still living and are the appellees in this cause. Catharine Stewart also had, at the dates of the will and of the death of the testatrix, a number of grandchildren, the children of her deceased children who had died

many years before the date of the testatrix's will. These grandchildren of Catharine Stewart are yet living, and are the appellants in this cause.

Upon the foregoing facts, the trial court decided that the appellees, who were the only living children of Catharine Stewart at the date of the execution of Mary Harlock's will, were entitled, under the third item or clause of such will, to the one-half of the residue of the testatrix's estate, to the entire exclusion of the appellants, as the grandchildren of Catharine Stewart, from any share or interest in such estate.

Appellants' counsel insists very earnestly, that the decision of the trial court is erroneous. Counsel claims that it was the manifest intention of Mary Harlock, in the event of the death of her grandson, Thomas A. Taylor, without issue, that the one-half of the residue of her estate should go to the children of the deceased children or grandchildren of Catharine Stewart, as well as to the children of the latter, who were living at the date of the execution of such will. If such were the intention of the testatrix, and we do not know that it was not, the writer of her will was very unfortunate in the selection of appropriate words to express such intention. In the construction of the will, it was the duty of the court to ascertain and carry into effect, if possible, the intention of the testatrix in regard to the matter under consideration; but this intention must be shown in some way by the will itself, and not wholly, at least, by facts outside of the terms of the will. This cardinal rule, in the construction of wills, has always been recognized in the decisions of this court. *Tyner* v. *Reese*, 70 Ind. 432; *Lofton* v. *Moore*, 83 Ind. 112; *Hinds* v. *Hinds*, 85 Ind. 312; *Downie* v. *Buennagel*, 94 Ind. 228.

Before the appellants could be permitted to share in the residuary bequest or legacy of Mary Harlock, it was incumbent on them to show from the will itself, that the testatrix intended that the grandchildren, as well as the children of Catharine Stewart, should be entitled to participate in such

bequest or legacy. This they failed to do, and, indeed, can not do. The case in hand can not be distinguished in principle from the case of *Cummings* v. *Plummer*, 94 Ind. 403 (48 Am. R. 167). In the case cited, after a careful and thorough examination and citation of text-books and decided cases, it was held substantially that where a bequest or legacy is given by will to the children of a party, the word " children " must be understood in its primary or simple signification, where there are any persons in existence at the date of such will, or when the bequest or legacy takes effect, answering such meaning of the term; and that in such case, the word " children " will never denote or signify grandchildren. 2 Redf. Wills (2d ed.), p. 15; 2 Jarm. Wills, p. 690; and see the numerous authorities cited in 94 Ind. 403, on p. 407. We are of opinion that this is a correct statement of the law on the subject under consideration, and that it is decisive of the case at bar against the claim of appellants, the grandchildren, to share in the bequest or legacy to " the children of Catharine Stewart."

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

Filed March 9, 1886.