No. 17,466.

## CULP ET AL. *v.* CULP ET AL.

WILL.— *Action to Set Aside.* — *Failure to Make Provision for Granddaughter.* — *Instruction.* — *Presumption.* —An instruction in an action to set aside a will upon the ground, *inter alia*, that the testator did not mention a granddaughter, or make any provision for her, either directly or as in her mother's right, that the law presumes the testator overlooked or forgot her, and that she will take her share under the law, whether the will is upheld or not, is a prejudicial error, as there is no such presumption of law upon the facts, and its assumption deprives the omission of its significance upon the issue.

Culp *et al. v.* Culp *et al.*

From the Elkhart Circuit Court.

*H. C. Dodge*, for appellants.

*Wilson & Davis*, for appellees.

HACKNEY, J.—Elizabeth Weaver, a daughter of Anthony Culp, died February 18, 1892, and her only surviving child was the appellant Rosa Weaver. Thereafter, on May 23, 1892, said Anthony Culp executed his last will, by which he directed the payment of his debts and the erection of a monument from his personal estate, and any residue thereof, he directed, should be equally divided among his children. His one hundred and sixty acres of land he devised, the south half to his wife, during her natural life, and the north half was to be rented and the proceeds applied to the taxes and repairs on the whole, and the residue paid in equal parts to his children. It was further provided that upon the death of the wife, the whole of said lands should be sold and the proceeds equally divided "among all of my children, share and share alike." At the date of the execution of said will the said Anthony Culp had ten living children and the one grandchild, said Rosa Weaver, all of whom were living at the date of his death, to-wit: August 20, 1892. After the death of said Anthony Culp, the appellants brought this action to set aside said will, alleging unsoundness of mind and undue influence. One of the facts, upon which the appellants relied, was that though the testator knew of the death of his daughter, Elizabeth, and knew and was on friendly terms with the child, Rosa, he did not mention her name in said will, or make provision therein for her, either directly or as in her mother's right.

At the trial the court gave, among other instructions, the following: "It is undisputed that the decedent left

ten living children and one grand daughter, the plaintiff, Rosa Weaver, who is a child of his deceased daughter, Elizabeth. The will uses the term children, which does not include Rosa, as she is a grandchild, and the presumption is that he overlooked or forgot her, and, if she was so overlooked or forgotten, while she would not take under the will, she would take her one-eleventh under the law, just the same as if there were no will, and in that case Rosa will get her share all the same, no matter which way the case is decided."

The question of the correctness of this charge is presented by the record. The appellees insist that the instruction was too favorable to the appellants, in that, by the law, Rosa was included under the designation of "children," and that no presumption that she was forgotten, or was overlooked, was authorized. The appellants, on the other hand, insist that the instruction was harmful to them, in that it advised the jury that the law, notwithstanding the will otherwise disposed of the entire estate, provided one-eleventh thereof for Rosa, and that the verdict could not defeat her in that provision. There can be no doubt that the word "children," having been employed here without manifesting an intent that it should include grandchildren, would not include the granddaughter. *West* v. *Rassman*, 135 Ind. 278; *Pugh* v. *Pugh*, 105 Ind. 552; *Cummings* v. *Plummer*, 94 Ind. 403.

That the law made provision for the granddaughter, notwithstanding the disposition of the entire estate to the ten children, was, in our judgment, an error, and was such as might have prejudiced the rights of the appellants. Memory, that has sufficient strength to call to mind the objects of one's bounty, and sufficient grasp to retain them until the will is executed, is always of supreme importance when inquiring as to test-

amentary capacity.   That a testator failed to provide
for one who was the natural object of his bounty, when
the circumstances do not appear to indicate a previous
just provision, by way of gifts or advancement, or that
there was such hostility between them as to render
probable the desire to deprive such an one of a share in
his bounty, is a circumstance to be considered by the
jury in determining whether the omission arose from
the lack of memory to recall or to retain in mind those
for whom, naturally, he would make provision.   This the
appellees' learned counsel concede.   They say : "It is al-
ways a question that may be considered by the jury in
determining one of the two commonly alleged causes to
set aside a will, namely, 'unsoundness of mind' and
'undue influence,' whether the testator had forgotten so
much, and his memory had failed to such a degree, that
he didn't know what he was about when he wrote his
will; and to prove this, it is always competent to show
that the name or names of one or more of the children
were omitted by the testator in his will."   This conclu-
sion, it seems to us, demonstrates the error of the court's
charge, for why should it be a pertinent fact that the
testator omitted provision for a child when, in the ab-
sence of provision by the will, the law made just that
provision which he would naturally make?   The jury,
in weighing the fact that the testator omitted provision
for a child, or grandchild, and considering that when
the will was drawn, the law provided an ample and just
share in the estate for that child, could, with reason,
decide that it was no evidence of an unsound mind that
a testator omitted to make provision where the law had
already made just the provision he would naturally
have made.

This State, unlike many other States, has no statute pro-

viding for children, whose ancestors have, by their wills, made no provision for them. It is a privilege of an ancestor to make such inequality of division among his children as he may desire, and if he so desires it, he may leave a child without an interest in his estate. The child, unlike the wife, has no such legal interest in the father's estate, that it can be enforced, regardless of testamentary provision. When, in this case, the testator gave his entire estate to his ten children, there was no remedy by which the granddaughter could reach the one-eleventh thereof, as instructed by the court. It would have required a statute, to become a part of the will and bind the testator in its execution, to take from each of the ten children a fraction of his share and give it to the omitted child. However just such a statute might appear, its absence cannot be supplied by the courts. And, as we have already said, if such were the law, there would be but little room for the rule that the failure to provide for a child is a circumstance tending to establish unsoundness of mind.

The failure gets its strength as a circumstance from the improbability that, without cause, a father will disinherit his child, that he would be so unjust with those to whom his bounty is equally due, as to enrich some and leave others without a share. But if the child is not disinherited, and if that injustice is not done, but if the law, which all are presumed to know, has done what the father should have done, that very fact may have influenced the father to omit provision by will, excepting where he desired to make special provision, and to permit the law to control where he does not provide. Instead of becoming a circumstance betraying a weak memory, it might be regarded as a most rational view.

The instruction was erroneous, and we cannot say that it was harmless.

The judgment of the circuit court is reversed, with instructions to sustain the appellants' motion for a new trial.

Filed September 27, 1895.