(36 Misc. Rep. 581.)

### LERCH et al. v. FREUTEL et al.

(Supreme Court, Special Term, New York County. December, 1901.)

LIFE INSURANCE POLICY—BENEFICIARIES.

  Where a life policy was payable to the wife of the insured on the death of her husband and to her children if she died before him, and the husband died after the wife, only such of the children as survived her can take, and the issue of a child dying before her is excluded.

Action by Sophia Lerch and others, administrators of Charles J. Freutel, against August Freutel and Daisy Freutel. Judgment for plaintiffs.

C. W. Bennett, for plaintiffs.
Charles P. Hallock, for defendants.

FITZGERALD, J.   This action as originally brought was by these plaintiffs against the Manhattan Life Insurance Company to recover the amount due on a policy of insurance, including a mortuary dividend, amounting in all to the sum of $4,036.80.   A claim was presented to the company by August and Daisy Freutel (grandchildren of the assured) for one-quarter of this sum, that being the amount their father would be entitled to receive, if living at the time of his father's death.   By an order of this court these grandchildren were substituted as defendants in place of the Manhattan Life Insurance Company upon its depositing the sum of $1,009.20, less certain costs, with the chamberlain of the city of New York to the credit of this action.   This the company has done, and has, in addition thereto, paid to the plaintiffs the sum of $3,027.60, and this suit is brought to determine the ownership of the money paid into court.   On December 22, 1864, the Manhattan Life Insurance Company issued a policy of insurance to Mrs. Charlotte Freutel on the life of her husband, August Freutel, for the sum of $4,000.   By the terms of the policy the company agreed to pay Charlotte Freutel, her executors, administrators, or assigns, for her sole use, the sum above mentioned on due proof of the death of her husband; and in case of the death of Charlotte Freutel before the decease of her husband the amount of the insurance to be paid to her children. There were in all four children, as appears by the testimony,—Sophia Lerch, William H. Freutel, Charles J. Freutel, and August Freutel. One of these children (August) died November 8, 1883, survived by a widow and two children,—August and Daisy Freutel (the substituted defendants herein).   Charlotte Freutel, the mother, died September 11, 1886, survived by three children,—Sophia Lerch, William H. Freutel, and Charles J. Freutel,—together with the beforementioned grandchildren, the children of her deceased son, August. Subsequently, and before the death of the assured, on March 17, 1895, another child died,—Charles J. Freutel,—leaving a widow and a son.   August Freutel, the father, upon whose life the policy was issued, died February 1, 1901.   Plaintiffs contend that they are the only persons entitled to receive this money, as the children of August Freutel, the son whose death occurred previous to the decease of his mother, took no interest according to the express language of the policy.   Upon an examination of the authorities I am convinced that this contention must be upheld.   The rules which obtain regarding the vesting of estates created by will have no application.   "A will is in no sense a contract, and an insurance policy is" (St. John v. American Mut. Life Ins. Co., 13 N. Y. 31, 64 Am. Dec. 529); and in the construction of a contract we are not permitted to depart from concise and strict conformity.   Story, Cont. § 689, says:

"If its language is neither uncertain nor ambiguous, it is to be expounded according to its apparent import, and is not to be warped from the ordinary meaning of its terms in order to harmonize with uncertain suppositions in

regard to either the probable intention of the parties contracting, or the probable changes which they would have made in their contract had they foreseen certain contingencies."

Upon principles well settled by numerous adjudications plaintiffs are entitled to judgment. United States Trust Co. v. Mutual Ben. Life Ins. Co., 115 N. Y. 152, 21 N. E. 1025; Walsh v. Insurance Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651, and cases cited.

Judgment for plaintiffs, without costs.