BURNETT ET AL. *v.* MUTUAL LIFE INSURANCE
COMPANY ET AL.

[No. 8,995. Filed November 28, 1916. Rehearing denied April 20,
1917. Transfer denied December 19, 1917.]

1. INSURANCE.—*Life Insurance.—Construction of Policy.*—Although insurance policies generally contain provisions such as are found in writings or instruments testamentary in character, they are to be construed in accordance with the principles of law applicable to contracts and not wills. p. 284.

2. CONTRACTS. — *Construction.* — Greater strictness is properly required in the construction of contracts than in the construction of wills, since the language used in contracts is presumed to have been chosen because it aptly and correctly describes the rights and liabilities of the parties. p. 285.

3. INSURANCE.—*Life Insurance.—Rights of Beneficiaries.—Determination.*—The right of a wife, as primary beneficiary under her husband's life insurance policy, and her children, who were made beneficiaries in the event of her death before the assured was fixed by contract and is to be so determined, and is not a right or benefit arising by operation of statute. p. 285.

4. APPEAL.—*Questions Presented.—Complaint.—Sufficiency. — Demurrer.—Scope of Review.*—Under Acts 1911 p. 145, §344, cl. 6, Burns 1914, providing that when a demurrer to any complaint is filed on the ground that the complaint does not state facts sufficient to constitute a cause of action, a memorandum shall be filed therewith stating wherein such pleading is insufficient, and the parties so demurring shall be deemed to have

Burnett *v.* Mutual Life Ins. Co.—66 Ind. App. 280.

waived any defect not so specified, where defendants, by their memorandum accompanying the demurrer to the complaint, raised no objection to the sufficiency thereof on the ground that plaintiff's right of action depended on an unpleaded statute of another state, the question was not presented for review on appeal.   p. 285.

5. INSURANCE.—*Life Insurance.—Construction of Policy.—Beneficiaries.—"Children."*—Where life insurance policies made the wife of the assured the primary beneficiary, and further provided that, in the event she dies before him, the policies should be paid to her children, the wife's grandchildren were not included in the term "children," since "children" in its usual signification does not include grandchildren and the context of the policies disclose nothing warranting other than the usual construction of the word "children."   p. 286.

6. INSURANCE.—*Life Insurance.—Interest of Beneficiary.*—Where no power of disposition is reserved in the insured in the ordinary life insurance policy, the beneficiary, upon the issuance and acceptance of the policy, acquires a vested right, which cannot be impaired without the beneficiary's consent, but where the right is reserved to the assured to change the beneficiary at will, the original beneficiary acquires no vested interest in the policy, and has but a mere expectancy until after the death of the assured. p. 288.

7. INSURANCE.—*Life Insurance.—Interest of Beneficiary.*—Where life insurance policies, which reserved no right to assured to change the beneficiary, made assured's wife the primary beneficiary, but provided that, if she died before him, the policies should be paid to her children, she had a vested interest in the policies after issuance and acceptance, but the interest she had during her lifetime conferred no right either on her children who survived her, or her grandchildren, where she died prior to the husband, thereby terminating her interest in the policies.   p. 288.

8. INSURANCE.—*Life Insurance.—Interest of Beneficiary.—Contingent Right of Child.—Termination.*—Where life insurance policies made the wife of the assured the primary beneficiary, but provided that, in event she died before the husband, the policies should be for the benefit of her children, a daughter of the wife merely had a contingent interest in the policies, which depended upon her outliving her mother and the mother predeceasing the assured, and the daughter dying prior to her mother, her interest was terminated and did not pass to her heirs by the laws of descent, and, on the death of the primary beneficiary, all interest in the policies vested at once in her children then surviving. p. 289.

From Marion Superior Court (91,739); *Charles J. Orbison*, Judge.

Action by Mabel I. Burnett and others against the Mutual Life Insurance Company and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed*.

*Miller & Dowling,* for appellants.

*Smith, Hornbrook & Smith* and *Harvey & Harvey,* for appellees.

MORAN, J.—On September 21, 1860, appellee the Mutual Life Insurance Company of New York issued a policy of insurance on the life of Joshua W. Copeland for $1,000, and on October 9, 1865, appellee issued a second policy on the life of Joshua W. Copeland for $4,000, the policies being numbered respectively 24369 and 39598. Margaret Copeland, the wife of Joshua, was made the beneficiary. The policies provided, however, in the event of the death of Margaret Copeland before her husband, the same were to be paid to her children for their use, or to their guardian. On May 10, 1892, Margaret Copeland died, and on March 9, 1913, her husband departed this life with the policies of insurance in full force. At the date of the death of Margaret Copeland, she left surviving her three children, Charles O. and John O. Copeland and Margaret B. Venn. Lydia Langsdale, another daughter, predeceased her mother, leaving surviving her husband, Richard W. Langsdale, and appellants, Mabel I. Burnett and Richard S. Langsdale, her children, who are grandchildren of the primary beneficiary, and who claim a one-fourth interest in the insurance. The children who survived the primary beneficiary dispute the right of the grandchildren to participate in the insurance; and as to whether the grandchildren are entitled to share in the insurance, which is purely a

question of law, is presented for the consideration of the court on the action of the trial court in sustaining a demurrer to eight paragraphs of complaint, which differ slightly in theory and phraseology, but each of which presents the ultimate question to be decided; hence no useful purpose will be subserved in distinguishing the same in theory. Each paragraph of the complaint alleges that the insurance company does not dispute liability, but declines to make payment by reason of the controversy as to whom the portion of the insurance retained belongs. Before the court ruled upon the demurrer to the complaint by reason of application on the part of those claiming an interest in the subject-matter of the litigation to be made parties to the action, and by assignment of John O. Copeland of his interest in the insurance to his wife Eva, the record shows that appellants were parties plaintiff and the Mutual Life Insurance Company of New York, Richard Langsdale, Charles O. Copeland, Margaret B. Venn and Eva Copeland were parties defendant, and all of said defendants, except Richard W. Langsdale, who was defaulted below, are appellees herein. It might further be noted that Richard W. Langsdale, the father of appellants, died after the rendition of the judgment and before this appeal was perfected, which fact is disclosed by the assignment of errors.

Appellants present the legal question involved from their standpoint under two general propositions: First, that according to the terms of the policies sued on appellants were beneficiaries, being included within the term "children"; second, that the interest of Lydia Langsdale, the child of Joshua and Margaret Copeland, vested under the policies in the lifetime of Lydia, and upon her death in the lifetime

of her parents, her vested interest passed by the law of descent of this state to her heirs at law, including appellants. On the part of appellees, it is contended that the insurance policies must be construed under the principles of law governing contracts, and not under the principles of law governing wills, and; being so construed, Lydia Langsdale, dying before the insured, had no interest in the policies; and, having no interest in the policies, appellants, who are her children, acquired no interest; and further, that the complaint discloses that appellants' right of action depends upon the statute of the state of New York, and, the statute not being pleaded, the complaint is insufficient in this particular to withstand a demurrer.

From the information brought to our attention through the able and exhaustive briefs in the cause, it appears that the controlling question for decision is without precedence in this state, and that a lack of harmony exists in the holdings of foreign jurisdictions that have been called upon to express their views as to the interest the primary beneficiary named in the policy of insurance takes, and as to whether children named in a policy as beneficiaries in the manner here provided acquired such an interest in the policy upon its execution and delivery as is transmissible to their heirs, where the primary beneficiary does not survive the insured.

While policies of insurance contain, as a general rule, provisions such as are found in instruments or writings testamentary in character, in that the

1. actual enjoyment of the property rights created in favor of the beneficiary by the policy is deferred until after the death of the assured, nevertheless they are to be construed in accordance with

the principles of law that are applicable to contracts and not wills. In the case of wills, in the drawing of which it is the intention of the testator alone

2. which is sought to be expressed, greater liberty is allowed in order to prevent the testator's purpose from being defeated; but in the case of contracts entered into, it may be after much negotiation, and after much consideration of their terms by the parties interested, and where the language used is presumed to have been chosen because it aptly and correctly describes the rights and liabilities of the parties interested, and where the language used is presumed to have been chosen because it aptly and correctly describes the rights and liabilities of the parties, greater strictness is properly required. *Davis* v. *New York Life Ins. Co.* (1912), 212 Mass. 310, 98 N. E. 1043, 41 L. R. A. (N. S.) 250; *Lerch* v. *Freutel* (1901), 36 Misc. Rep. 581, 73 N. Y. Supp. 1078.

So the right of Margaret Copeland as the primary beneficiary, and her children, who were made beneficiaries in the event of her death before the

3. assured, was fixed by contract and is to be so determined, and is not a right or benefit arising by operation of statute. *Wilburn* v. *Wilburn* (1882), 83 Ind. 55; *Hutson, Admr.,* v. *Merrifield, Admr.* (1875), 51 Ind. 24, 19 Am. Rep. 722.

Appellees by their memorandum accompanying the demurrer addressed to the complaint raised no objection to the sufficiency of the complaint on

4. the ground that appellants' right of action depended upon a statute of the State of New York, which was not pleaded; hence this question is not before us for review. Acts 1911 p. 415, §344, cl. 6, Burns 1914. However, it is proper to state that

each paragraph of the complaint pleads full performance of the conditions of the policy to be performed by the assured and the beneficiaries before the bringing of this action, and further that appellee the Mutual Life Insurance Company did not dispute liability, and has paid the proceeds of the policy in dispute into the hands of the clerk of the circuit court to be paid to whomsoever was entitled to receive the same.

Before taking up the question as to the interest Margaret Copeland and her children acquired in the policies, we shall dispose of the contention on the part of appellants that they are beneficiaries under the policies included within the term "children." A close analysis of the policies does not disclose anything from their context to warrant a construction given to the word "children" but the ordinary meaning. Nor does the word "children" in its usual signification include grandchildren, although it may be sometimes used to so include them. *Feit's Exrs.* v. *Vanatta* (1870), 21 N. J. Eq. 84.

This, as well as other jurisdictions, has decided generally that the word "children" is not broad enough to include grandchildren, and will not denote or signify grandchildren when there is any child or children in existence in connection with the distribution of property. *Cummings* v. *Plummer* (1884), 94 Ind. 403, 48 Am. Rep. 167; *West* v. *Rassman* (1893), 135 Ind. 278, 34 N. E. 991; *Pugh* v. *Pugh* (1886), 105 Ind. 552, 5 N. E. 673; *Culp* v. *Culp* (1895), 142 Ind. 159, 41 N. E. 363; *Osgood* v. *Lovering* (1851), 33 Me. 464; *Feit's Exrs.* v. *Vanatta, supra; Castner's Appeal* (1879), 88 Pa. 478; *Davis* v. *New York Life Ins. Co., supra.*

In *Cummings* v. *Plummer, supra,* the following from Jarman on Wills (2 Jarman, Wills 69), is quoted with approval: " 'The legal construction of the word *children* accords with its popular significa-tion; namely, as designating the immediate off-spring; for, in all the cases in which it has been extended to a wider range of objects, it was used synonymously with a word of larger import, as issue. It has sometimes been asserted, however, that a gift to children extends to grandchildren, where there is no child.' " In 5 Elliott, Contracts §4352, under the subject of life insurance, the author says: " 'Chil-dren' has been held to include an adopted child, but not grandchildren." In *Winsor* v. *Odd Fellows, etc., Assn.* (1880), 13 R. I. 149, where the by-laws of the association provided that a contributing member of a subordinate lodge or encampment should under cer-tain conditions be entitled to benefits and upon the member's death, the benefits to go to his widow and, if he left no widow, then to the child or children or their lawful guardian, it was held that, in the absence of language to warrant the construction that the word "children" included grandchildren, the word "children" would not so include grandchildren.

The appellants, as grandchildren of the assured and the primary beneficiary, were not included within the term "children," as used in the policies under consideration.

The policies of insurance provide, among other things, that the insurance was for the sole use of Margaret Copeland, the wife of Joshua W. Cope-land, and in case of her death before the death of the assured, the amount of said insurance to be paid to her children or their guardians. It might further be observed that there was no provision in the policy

conferring upon the assured the right to change the beneficiary.

Where no power of disposition is reserved in the insured in the ordinary life insurance policy, the beneficiary, upon the issuance and acceptance 6. of the policy, acquires a vested right, which cannot be impaired without the beneficiary's consent. Where, however, by the terms of the policy the right is reserved to the assured to change the beneficiary at will, then the original beneficiary acquires no vested interest in the policy, and has but a mere expectancy until after the death of the assured. 5 Elliott, Contracts §§4354, 4355; *Yore* v. *Booth* (1895), 110 Cal. 238, 42 Pac. 808, 52 Am. St. 81; *Washington Central Bank* v. *Hume* (1888), 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370; *Indiana, etc., Life Ins. Co.* v. *McGinnis* (1913), 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192.

So Margaret Copeland, after the issuance and acceptance of the policies, had a vested interest in the same, but the interest that she had during 7. her lifetime conferred no right either on her children who survived her, or on the appellants, her grandchildren, as her death in the lifetime of Joshua was a termination of her interest in the policy, the same as her death would terminate an estate in land, granted or devised for the term of her life. *Continental Life Ins. Co.* v. *Webb* (1875), 54 Ala. 688. And concluding, as we have, that appellants cannot be considered as children, under the terms of the policies, then their interests, if any they have, in the proceeds of the policies must be through their mother, Lydia Langsdale, who died before her mother, the primary beneficiary, and her father, the assured. This brings us to the proposition upon

which there is a sharp conflict in the authorities, as to whether Lydia Langsdale, as one of the children, had such an interest in the policies as passed to her heirs by being made a beneficiary upon the contingency that her mother die before the assured.

On the part of appellants it is urged with much earnestness that, even though the interest of the mother of appellants was contingent, in that 8. the actual enjoyment might be defeated by the death of Joshua during the lifetime of his wife, Margaret, nevertheless the contingent interest of the mother was such as to be transmitted by the law of descent, and became vested absolutely in appellants upon the death of their grandfather, which occurred after the death of the primary beneficiary. This contention finds support either directly or indirectly in many decisions, of which the following seem to be the leading cases: *Continental Life Ins. Co.* v. *Palmer* (1875), 42 Conn. 60, 19 Am. Rep. 530; *In re Estate of Conrad* (1893), 89 Iowa 396, 56 N. W. 535, 48 Am. St. 396; *Robinson* v. *Duvall* (1880), 79 Ky. 83, 42 Am. Rep. 208; *Michigan, etc., Ins. Co.* v. *Basler* (1905), 140 Mich. 233, 103 N. W. 596; *Voss* v. *Connecticut, etc., Ins. Co.* (1899), 119 Mich. 161, 77 N. W. 697, 44 L. R. A. 689; *Glenn* v. *Burns* (1897), 100 Tenn. 295, 45 S. W. 784.

The process of reasoning that leads to the conclusion that the child or children of a deceased child takes the share which the parent would take if living, under provisions of policies of insurance such as is here under consideration, must of necessity be based upon the proposition that a policy of insurance is testamentary in its nature and character and should be so construed. On the other hand, if a policy of

insurance is to be regarded purely as a contract between the parties to the same, a different conclusion naturally follows, and in this lies the principle reason for the diversity of opinions on the part of the courts. That an insurance policy is a contract, as we have heretofore decided, and should be construed in accordance with the principles of law that are applicable to the ordinary class of contracts, and that, in the absence of the context of the policy disclosing the contrary, only children of the primary beneficiary can participate in a distribution of the proceeds of policies such as are before us, finds support in the following authorities: *Walsh* v. *Mutual Life Ins. Co.* (1892), 133 N. Y. 408, 31 N. E. 228, 28 Am. St. 651; *United States Trust Co.* v. *Mutual, etc., Ins. Co.* (1889), 115 N. Y. 152, 21 N. E. 1025; *Davis* v. *New York Life Ins. Co., supra; Winsor* v. *Odd Fellows, etc., Assn., supra; Continental Life Ins. Co.* v. *Webb, supra; Lerch* v. *Freutel, supra; Elger* v. *Equitable Life Assurance Society* (1902), 113 Wis. 90, 88 N. W. 927; *Fidelity Trust Co.* v. *Marshall* (1904), 178 N. Y. 468, 71 N. E. 8; *Succession of Roder* (1908), 121 La. 692, 46 South. 697, 15 Ann. Cas. 526, note 529.

In *Davis* v. *New York Life Ins. Co., supra,* where the grandchildren of a deceased child sought to establish their claim to a portion of the proceeds of a life insurance policy, under facts and circumstances similar to the case at bar, the Supreme Court of the State of Massachusetts, in one of its latest expressions says: "But we do not find anything in the policy or in the circumstances under which it was issued to warrant us in giving it any other than its ordinary meaning. So interpreted it excludes the plaintiffs and necessarily leads to the conclusion that

only those children take who survive their mother. No others answer to the description of children at the time of the death of Jane Claflin.''

In *Lerch* v. *Freutel, supra,* it was held that, where a life insurance policy was payable to the wife and to her children, if she died before her husband, only such of the children as survived her were entitled to share in the proceeds of the policy, and that the issue of a child dying before the primary beneficiary was excluded.

In *Walsh* v. *Mutual Life Ins. Co., supra,* the policy was made payable to the wife of the assured, if living at the time of assured's death, and if not living, to her children, or their guardian. One of the children died before her mother, and the mother died before the assured. The court said: ''Personal representatives of the child, who had predeceased the wife, could not be substituted as parties to a contract, which expressly describes 'children.' * * * The conclusion must be reached that, upon the death of Traub's wife, her children living at that time became vested with every right and interest in the policy.''

No useful purpose would be subserved in extending this opinion by analyzing the decisions and the reasoning that leads to the differences of opinion as to the question under consideration. Treating the policies as being governed by the principles of law that govern contracts, the better reasoning seems to be that Lydia Langsdale had simply a contingent interest in the contracts of insurance, which depended upon her outliving her mother and the mother predeceased the assured, and dying, as she did, prior to her mother, her interest was terminated and, on the death of Margaret Copeland, the primary

beneficiary, all interest in the policies vested at once in the children then surviving.

After carefully considering each question skilfully presented by appellants' able counsel, we have reached the conclusion that no error was committed by the trial court in sustaining the demurrer to either paragraph of the complaint.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 232. Insurance: meaning of the term "children" as used to designate beneficiaries in life policy, 15 Ann. Cas. 529, Ann. Cas. 1913A 300; rights of children or representatives of a deceased child to share in proceeds of policy of life insurance payable to children, 41 L. R. A. (N. S.) 250; vested interest of beneficiary in ordinary life policy, 1 Ann. Cas. 684, 11 Ann. Cas. 49, Ann. Cas. 1912B 1144. See under (1) 25 Cyc 739; (2) 13 C. J. 521; (5-8) 25 Cyc 888-891.